UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| Louise W. Moody,            | ) |                           |
|-----------------------------|---|---------------------------|
|     Plaintiff,              | ) |                           |
|                             | ) |                           |
|     vs.                     | ) | Case No. 4:09CV1441 SNLJ |
|                             | ) |                           |
| Kramer & Frank, P.C., et al.,| )|                           |
|                             | ) |                           |
|     Defendants.             | ) |                           |

**MEMORANDUM**

This matter is before the Court on defendants' motions to dismiss (#9/#14) filed September 14, 2009 and October 7, 2009, respectively. Defendants seek dismissal of all counts for failure to state a claim upon which relief can be granted. Responsive pleadings have been filed, and this matter is ripe for disposition.

**I. Statement of the Case**

Plaintiff resides in St. Louis County, Missouri. Defendant Kramer & Frank, P.C. (K&F) is a Missouri corporation. Defendants Wool and Frankel are attorneys employed by K&F. Defendant Thompson Coburn LLP is a law firm based in St. Louis, Missouri. Defendants Hohn, Lawton, and Mattingley are attorneys at Thompson Coburn (TC). K&F, Wool, and Frankel are named under counts 1, 2, and 3 of plaintiff's complaint, and will be referred to collectively as the K&F defendants. TC, Hohn, Lawton, and Mattingley are named under counts 4, 5, and 6 of plaintiff's complaint, and will be referred to collectively as the TC defendants.

Plaintiff's complaint arose from arbitration awards entered against her in favor of Chase Bank USA, N.A. (Chase). K&F sent plaintiff a letter dated April 9, 2008, in order to collect the balance due on an arbitration award (Account A), and sent another letter dated May 23, 2008, in

order to collect the balance due on a second arbitration award (Account B). On May 29, 2008, plaintiff filed suit against Chase to vacate the first arbitration award, and served Chase with the summons and petition on June 16, 2008. On July 16, 2008, the TC defendants filed an answer, along with a counterclaim seeking to confirm the arbitration awards on Accounts A and B. On July 14, 2008, Plaintiff filed a second action seeking to vacate the arbitration award on Account B, and served Chase with the summons and complaint on October 2, 2008. The TC defendants filed an answer to this suit on November 3, 2008, again filing a counterclaim to confirm the second arbitration award. On October 29, 2008, the K&F defendants filed another separate action seeking to confirm the second arbitration award, but dismissed it without prejudice on November 24, 2008.

Plaintiff filed this action against both the K&F defendants and the TC defendants on July 17, 2009 in Missouri state court, and it was removed to this court on September 9, 2009 under federal question jurisdiction. Plaintiff alleges in her complaint that when Chase became involved in two lawsuits against her regarding the same claim, the TC defendants and K&F defendants (1) violated the federal Fair Debt Collection Practices Act, (2) committed common law fraud, and (3) acted negligently towards her by representing Chase in each of the actions.

## II. Legal Standard of Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id.; 127 U.S. at 1974. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." Id.; 127 U.S. at 1974.

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts--not mere conclusions--that, if true, would support the existence of the claimed torts." Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim so that the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to prove one or more claims to the satisfaction of the complaint's allegations

or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n. 8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.") With this plausibility standard in mind, the Court turns to an examination of the plaintiff's complaint.

### III. Discussion

#### A. Fair Debt Collection Practices Act

Counts 1 and 4 concern violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA) against the K&F defendants and the TC defendants, respectively. Because the arguments made by the plaintiff and the defendants in both counts are substantially similar, the Court will deal with both Counts together.

Plaintiff alleges that both sets of defendants violated the FDCPA because Chase cannot simultaneously be represented by both law firms, and that each set of defendants made a false representation that they were retained to represent Chase on the arbitration awards. This, plaintiff argues, violates the language of the FDCPA, which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." Both sets of defendants argue, first, that this claim is barred by the statute of limitations, but this issue need not be decided because plaintiff's claim fails on the merits.

Plaintiff's complaint does not include a single fact that would suggest that the two firms have used false representation or deceptive means when they contacted the plaintiff about the lawsuits and arbitration awards. In essence, plaintiff's grievance is that she has to litigate against two different law firms on two separate fronts. This is simply not the kind of practice that the

FDCPA was designed to protect debtors against, and plaintiff cites no authority to the contrary. Accordingly, Counts I and IV shall be dismissed.

### B. Common Law Fraud

In Counts II and V against the K&F defendants and the TC defendants, respectively, plaintiff alleges that the defendants made a false representation to her that they were retained to represent Chase for the arbitration awards on Accounts A and B, thus committing common law fraud in the process. In order to prevail on a claim of fraud under Missouri common law, plaintiff must satisfy nine elements: "(1) the representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or his/her ignorance of the truth; (5) the speaker's intent that his/her representation be acted on by the hearer in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) his right to rely thereon; and (9) the hearer's consequent and proximately-caused injuries." *Kansas City Hispanic Ass'n Contractors Ent., Inc. v. City of Kansas City*, 279 S.W.3d 551, 557 (Mo.App. 2009). When pleading a claim of fraud, a party must "state with particularity the circumstances constituting fraud..." Fed. R. Civ. P. 9(b). "Every essential element of fraud must be pled, and failure to plead any element renders the claim defective and subject to dismissal." *City of Wellston v. Jackson*, 965 S.W.2d 867, 870 (Mo. App. 1998).

Much as in Counts I and IV, plaintiff has failed to allege that the defendants' representations were material in any way, that plaintiff was ignorant of representations' falsity, that she relied on the representations being true, or even that she relied on them to her detriment. But ultimately, she has not shown just how the fact that Chase is being represented by two

different firms in these cases can in any way amount to fraudulent conduct. Accordingly, Counts II and V shall be dismissed.

### C. Negligence

In Counts III and VI, plaintiff alleges that the two sets of defendants owed her a duty to properly determine whether or not Chase had already retained representation regarding Accounts A and B, prior to answering and counterclaiming each respective lawsuit. Plaintiff alleges that because each set of defendants neglected or refused to seek from Chase the current disposition of legal representation for these accounts, she has suffered emotional distress and anguish. Much as in Counts I, II, IV, and V, plaintiff has offered no reason why Chase could not hire more than one law firm to represent it. And despite the duplicate suits that existed at one time or another, plaintiff has not and cannot show why the defendants owe her a duty not to defend or prosecute on behalf of Chase. Furthermore, under Missouri law, an attorney does not owe a duty of ordinary care to its client's opposing party. *Bates v. Law Firm of Dysart, Taylor, Penner, Lay & Lewandowski*, 844 S.W.2d 1, 5 (Mo. App. 1992). As the court stated in that case, "it is to be assumed that the legal duty owed to adversaries is merely the duty encompassed in the common law actions of malicious prosecution and abuse of process." *Id*. There is nothing in the facts to suggest that the representations by the defendants were in any way malicious or an abuse of process. Plaintiff's allegations of negligence are without merit, and Counts III and VI shall be dismissed as well.

## IV. Conclusion

Counts I, II, III, IV, V, and VI shall all be dismissed for failure to state a claim upon which relief may be granted.

Dated this   5th   day of March, 2010.

					_____
					UNITED STATES DISTRICT JUDGE